MARK OZZELLO (116595)
mark@ozzellolaw.com
17383 W Sunset Blvd, Ste A380
Pacific Palisades, CA 90272
Phone:  (844) 774-2020

STEPHEN R. BASSER (121590)
sbasser@barrack.com
SAMUEL M. WARD (216562)
sward@barrack.com
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 230–0800
Fax: (619) 230–1874

*Attorneys for Plaintiffs*
(Additional Counsel for Plaintiffs Appear on Signature Page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA KASTANIS, and BRIAN LANGE; individually and on behalf of all others similarly situated<br><br>                Plaintiff,<br><br>      vs.<br><br>BEHR PROCESS CORP.; BEHR PAINT CORP.; MASCO CORP.; THE HOME DEPOT, INC.; and HOME DEPOT U.S.A., INC.,<br><br>                Defendants. | <u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

CLASS ACTION COMPLAINT

Plaintiffs Paula Kastanis, and Brian Lange ("Plaintiffs") individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby allege as follows:

## I.    NATURE OF THE CASE

1.    This is a consumer fraud class action brought by Plaintiffs on behalf of a class of all similarly situated purchasers of Behr Premium DECKOVER® deck and concrete resurfacing and restoration product ("DeckOver" or "DeckOver Product(s)").  Despite knowing that the DeckOver Products are defective, Defendants, as identified below, marketed and sold DeckOver to thousands upon thousands of unsuspecting consumers, causing them to suffer extensive monetary damage.

2.    By way of background, millions of homes and dwellings throughout the United States are constructed of wood and concrete.  Many such homes and dwellings have outdoor wooden decks and similar structures that require upkeep, especially because they are exposed to the elements and surface contact.  Owners of homes and dwellings traditionally maintain these outdoor wooden decks and similar structures by annually applying a paint or stain.  Such paints or stains provide a decorative and protective barrier from the elements, while also minimizing the wear and tear that such wood surfaces absorb over time, thus maximizing their useful life and the quality of their appearance.

3.    Behr Process Corporation ("Behr"), a wholly owned subsidiary of MASCO Corporation, (collectively the "Behr Defendants") has, since at least 2013, manufactured and sold a deck resurfacing product called DeckOver that is sold exclusively at Home Depot branded stores.  DeckOver is nationally marketed by the Behr Defendants and the Home Depot Defendants, as defined below, to home and dwelling owners with uniform representations ostensibly

justifying its premium price (three to five times more expensive than ordinary paints and stains) because it is a more durable coating (five times thicker) and can repair decks by filling in cracks and stopping splinters.  DeckOver is marketed and advertised as being capable of resurfacing and refinishing wood and concrete surfaces with an ease of application, achieving results that resist cracks, peeling and mildew.  DeckOver is advertised as being "great for decks, railings, patios, composite decks, pool decks and walkways," and able to "conceal cracks and splinters up to 1/4 inch," to "create[] a smooth, slip-resistant finish," "resists cracking and peeling" and "[b]ring new life to old wood and concrete surfaces."[1] It is represented that DeckOver is capable of bringing decking and other surfaces "back to life" as it "rejuvenate[s]" the look of decks and other surfaces[2] while offering "excellent adhesion."[3]  As such, DeckOver is nationally marketed as a premium product that is superior to alternative traditional paints and stains, and thereby worth paying extra money to purchase.

4.     These and other representations are printed on DeckOver's uniform product labeling to which the consumers are uniformly exposed to when purchasing pails of DeckOver at Home Depot locations, and in identical, uniform representations on Home Depot's web page advertising DeckOver.

5.     However, in truth, so-called premium product DeckOver does not live up to its marketing representations and promises.  DeckOver is not durable,

---

[1]     Behr Premium DeckOver, http://www.behr.com/consumer/products/wood-stains-finishes-cleaners-and-strippers/behr-premium-deckover (last visited Aug. 8, 2017).

[2]     Technical Data Sheet DeckOver Solid Color Coating, http://www.behr.com/cma/BehrPro/Marketing/Products/TDS/5000_R914.pdf (last visited Aug. 8, 2017).

[3]     Behr Premium DECKOVER Product Information Video, https://www.youtube.com/watch?v=OjHWwV6J7PU (last visited Aug. 8, 2017).

2 - CLASS ACTION COMPLAINT

nor is it long-lasting.  Rather than providing years of protection in exchange for its premium price, it deteriorates quickly within mere months of its application, and in some cases weeks.  DeckOver has caused extensive damage to consumers' decks and other outdoor surfaces on which DeckOver is applied.  Instead of serving as a premium option for reducing maintenance work, while improving the look, performance, and durability of decks, patios, and outdoor surfaces, DeckOver actually causes consumers to waste considerable time and money. Consumers are induced by Defendants' false representations into purchasing DeckOver at a premium price, only to apply it, and thereafter have to remove it and replace damaged property as a consequence of its performing worse than cheaper options.

6.     Despite their knowledge of DeckOver's defects, including the fact that it is prone to failure, and their knowledge that their representations are false and misleading, Defendants continue to market and sell the DeckOver products to the public utilizing uniform advertising and point of sale statements that falsely represent DeckOver's quality, durability and other characteristics.

7.     Plaintiffs bring this suit to enjoin the unlawful sale and marketing of DeckOver by Defendants and for the damages Plaintiffs and similarly situated purchasers of DeckOver products have sustained as a result.  Plaintiffs also seek an order forcing the Behr Defendants and the Home Depot Defendants, as more fully identified below, to stop their deceptive conduct and to provide appropriate remuneration to affected consumers.  Given the substantial quantity of DeckOver that has been sold nationally, a class action is the proper vehicle for addressing Defendants' misconduct and for attaining needed relief for aggrieved consumers.

## II.    JURISDICTION AND VENUE

8.    This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and (d), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and more than two thirds of the members of the proposed class are citizens of states different from that of each of the Defendants, as identified below.

9.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants' improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district.  Defendants Behr Process Corporation and Behr Paint Corporation are California corporations with their principal places of business in this District.  All of the Defendants regularly conduct business in this District.

## III.   PARTIES

10.    Plaintiff Paula Kastanis is a resident and citizen of the State of New York.

11.    Plaintiff Brian Lange is a resident and citizen of the State of Missouri.

12.    Defendants Behr Process Corporation and Behr Paint Corporation (collectively "Behr") are California corporations, with their principal place of business in California.    Both Behr Process Corporation and Behr Paint Corporation are located at 3400 W. Segerstrom Ave., Santa Ana, California, 92704.

13.    Defendant MASCO Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 21001 Van Born Road, Taylor, Michigan.  MASCO acquired Behr Process Corporation in 1999.  Upon information and belief, MASCO

Corporation is and was at all relevant times the parent company of Behr Process Corporation, and is one of the largest manufacturers and suppliers of architectural paint, coatings, and exterior wood care products in the United States.  MASCO Corporation is a multinational, publicly traded (NYSE:MAS) corporation comprised of more than twenty companies (including Behr Process Corporation) operating over sixty manufacturing facilities and over fifty warehouses and distribution locations in the United States and in many other parts of the world, including primarily China, Germany, and the United Kingdom.  According to its filings with the Securities and Exchange Commission, MASCO Corporation manufactures, distributes, and installs home improvement and building products, with an emphasis on brand-name consumer products and services.[4]

14.    MASCO identifies itself as an industry and world leader in, among other things, residential wood coatings:

> Masco Corporation is a global leader in the design, manufacture and distribution of branded home improvement and building products. Our portfolio of industry-leading brands includes BEHR® paint; DELTA® and HANSGROHE® faucets, bath and shower fixtures; KRAFTMAID® and MERILLAT® cabinets; MILGARD® windows and doors; and HOT SPRING® spas.[5]

15.    Upon information and belief, MASCO Corporation oversees the work of Defendant Behr Process Corporation, and, in conjunction with Behr

---

[4]    MASCO Corp. Form 10-K for the fiscal year ended Dec. 31, 2016, available at https://www.sec.gov/Archives/edgar/data/62996/000006299617000008/mas_2016 1231x10k.htm (last visited August 8, 2017).

[5]    *Id.*

Process Corporation, designed, manufactured, and purposefully caused the DeckOver Products to be placed into the stream of commerce within this District and throughout the United States. The decisions, acts, and omissions alleged herein were conceived, implemented, and at all times carried out by Defendant MASCO Corporation, directly or in concert with its subsidiary Defendant Behr Process Corporation, and/or The Home Depot.

16.    Plaintiffs refer to Behr Process Corporation, Behr Paint Corporation, and Masco Corporation collectively as the "Behr Defendants."

17.    Defendant Home Depot U.S.A., Inc. is a Delaware corporation, with its principal place of business in Georgia. Home Depot U.S.A. operates as a subsidiary of The Home Depot, Inc. Defendant The Home Depot, Inc. is a Delaware corporation, with its principal place of business in Georgia. The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc. and describes itself in annual reports filed with the Securities Exchange Commission as the world's largest home improvement retailer. Home Depot, U.S.A., Inc. and the Home Depot, Inc. are collectively referred to as "Home Depot" or the "Home Depot Defendants."

18.    Collectively the Behr Defendants and the Home Depot Defendants are referred to as "Defendants."

19.    The Behr Defendants used, commingled, and combined their resources to design, develop, manufacture, market, and sell the DeckOver Products.

20.    At all times relevant herein, all Defendants were actual and/or *de facto* joint venturers in the marketing and sale of the DeckOver Products.


/ / /

/ / /


6 - CLASS ACTION COMPLAINT

IV.    COMMON FACTUAL ALLEGATIONS

A.    Overview Regarding Deck and Patio Restoration and the
DeckOver Products

21.    At all times material, the Defendants were aware that outdoor wooden decks and concrete surfaces, docks and similar structures are exposed to the elements and, as such, are prone to wear and deterioration.  In addition, they are exposed to surface contact.  As a result of such wear, deterioration and surface contact, such decks, docks, patios and similar structures need periodic maintenance in order to maintain a quality appearance and maximize their useful life.  This periodic maintenance typically involves the application of a paint or stain about once a year.  Paints and stains are, in essence, coatings that provide a thin and protective barrier.  The stains soak into the fibers of the wood.  Paints and stains have their limitations because they do not improve the surface's condition if, for example, the surface is cracked or splintered, although they do provide some surface protection.

22.    DeckOver is a "resurfacer" that was introduced to the marketplace and offered as a protective, restorative coating as an option for home and dwelling owners.  Like other acrylic coatings, this resurfacer is thicker than paint or stains, thereby coating the surface with a significantly thicker protective barrier that is supposed to last longer and extend the life of the surface by repairing splinters and filling cracks.

23.    Because resurfacers such as DeckOver (a) offer the promise of extending the life of the surface and last significantly longer than paints or stains; (b) avoid the hassle of traditional upkeep and/or the great expense and effort of completely replacing the surface altogether; and (c) eliminate the need for regular maintenance, while at the same time substantially extending the life of the wood

1  and concrete surfaces, consumers are charged substantially more money for such

2  products when compared to paints and stains.    Consumers who spend extra

3  money to buy DeckOver at a premium price hope to avoid replacing the deck or

4  surface and thereby save money, and they expect to devote less time and money

5  to maintain the deck in the years that follow.

6

7      **B.**      **Defendants' False, Deceptive and Misleading DeckOver Product**

8          **Marketing Campaign**

9      24.    Behr officially introduced its premium DeckOver product in May

10  2013 in a press release that claimed it was an "advanced formula" that

11  "revitalize[s] tired decks, patios, porches and even pool decks, and provides a

12  budget-friendly unique solution that was previously unavailable to consumers."[6]

13  Scott Richards, Behr's Senior Vice President of Marketing, stated that the

14  premium DeckOver product line was the culmination of "years of research and

15  the latest technology," and provided "easy application and durable protection

16  against the elements … allowing consumers to rejuvenate instead of replacing

17  their decks or concrete surfaces."[7]

18      25.    Marketing the product as a better alternative to using traditional

19  paints or stains or replacing warn and old decks, porches, patios and other

20  structures altogether, it was further represented that DeckOver will go over

21  decking and other surfaces, allowing consumers to do a do-over with their

22  structure rather than a total replacement.    Behr's advertising and product

23

24  [6]    Behr Press Release Introducing New BEHR DECKOVER®,

25  http://newsroom.behr.com/news/introducing-new-behr-deckover-246353 (last
visited Aug. 8, 2017)

26  [7]    *Id.*

27

28

8 - CLASS ACTION COMPLAINT

literature urged customers thinking about replacing their decks to, instead, resurface them by using DeckOver, pointedly inducing consumer's purchases by asking "Why replace old wood if you don't have to?" See image below.[8]



26.     Defendants' advertising at Home Depot locations, including point of sale advertising, has falsely driven home the promise of DeckOver's durability and its usefulness a long-lasting alternative to paint and stains capable of extending the life of the surfaces, stating:

---

[8]     http://ebook-dl.com/magazine/handy-magazine-sharp-118-jun-jul-20136098.pdf at p. 7 (last visited August 7, 2017).

**Why should I choose BEHR PREMIUM DECKOVER Coating instead of a Solid Color Wood Stain?**

BEHR PREMIUM DECKOVER Coating is an innovative solid color coating that is designed specifically for old, weathered wood and concrete. BEHR PREMIUM DECKOVER Coating offers advantages over solid color wood stain by having a 4 times thicker film that covers splinters and cracks up to 1/4" and creates a slightly textured, slip resistant finish.

27.    Home Depot locations across America have reinforced the notion that DeckOver is a much more affordable way to restore decks and other surfaces rather than completely replacing them, and adopted or largely replicated Behr's advertising and labeling, including, *inter alia* prominently displayed outdoor billboards or signage advertising "DeckOver Wood and Concrete Coating 3 times less expensive than replacing deck boards."

28.    In addition, in advertising at Home Depot stores, Home Depot asserts that DeckOver "resists cracking and peeling "and "conceals splinters up to 1/4."



/ / /

/ / /

/ / /

/ / /

/ / /

10 - CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      29.    The product packaging itself, which was replicated in Home Depot's

17  advertising, further drives home the representation that DeckOver "brings new

18  life to old wood and concrete" while it "creates a smooth, slip-resistant finish"

19  and "conceals splinters and cracks up to 1/4."

20      30.    The DeckOver product marketing and product packaging

21  consistently states with regard to the characteristics and promise of the product

22  that it "resists cracking and peeling," has a "durable, mildew resistant finish,"

23  provides "waterproofing, solid color coating," "revives wood and composite

24  decks, railings, porches and boat decks," and is "great for concrete pool decks,

25  patios and sidewalks."

26  / / /

27  / / /

28

11 - CLASS ACTION COMPLAINT




31.    The DeckOver Products' advertising further includes uniform representations that it provides "long lasting results,"[9] "gives new life to old wood and concrete" and "extends the life of your deck, fills cracks and covers splinters."[10]  The Defendants also issued uniform representations in point of sale displays and advertising at Home Depot locations that were designed to enduce consumers to believe that DeckOver products were low maintenance, high quality, "resists cracking and peeling" and, at bottom, are premier and superior products justifying the charging of consumers of premium prices.

---

[9]    Behr Premium DECKOVER Product Information Video, https://www.youtube.com/watch?v=OjHWwV6J7PU (last visited Aug. 8, 2017).

[10]    BEHR Paints DeckOver TV Commercial, 'Dance Party', https://www.youtube.com/watch?v=RzQXqkuIUV0 (last visited August 8, 2017).

32.    Defendants also marketed DeckOver on Home Depot's website, which further made uniform representations concerning DeckOver's ostensible performance and qualities. On its website, Home Depot asserts that DeckOver creates a "durable, mildew resistant finish" that "brings new life to your old wood deck or concrete patio."[11] Home Depot further claims that DeckOver "resists cracking, peeling" and "conceals splinters and cracks up to 1/4 in." *Id.*





___

[11]    http://www.homedepot.com/p/BEHR-Premium-DeckOver-1-gal-Wood-and-Concrete-Coating-500001/206031374 (last visited August 8, 2017).

13 - CLASS ACTION COMPLAINT

33.     Thousands and thousands of consumers were induced by such representations and advertising to purchase DeckOver products believing that the DeckOver products are long-lasting and that Defendants would stand behind their advertising and representations, when in truth, Defendants advertising and representations were false, deceptive and misleading.  DeckOver does not live up to the promise made by Defendants regarding quality, durability, longevity and characteristics ostensibly making it superior to paints and stains.

34.     As Defendants were aware at all times material, DeckOver products are of inferior quality.  DeckOver Products are susceptible to failure shortly after they are applied.  They do not, in fact, provide lasting results.  These defects and deficiencies manifest even when the product is applied properly in compliance with the product instructions.  The DeckOver Products routinely crack, chip, peel, bubble, fail, or degrade.  DeckOver does not successfully waterproof decks or other surfaces to which it is applied.  As customers have routinely complained, DeckOver does not seal their structures.  It permits moisture intrusion leading to mildew and degradation of the underlying structure.  They fail even in weather conditions that the products are advertised as supposedly capable of withstanding.

35.     Defendants knowingly and intentionally concealed and failed to disclose these various defects with regard to DeckOver products.  They failed to disclose that DeckOver's defects manifest themselves within months after proper application and thus, DeckOver does not provide "lasting results."  Defendants failed to disclose that the product deteriorates at such a fast rate that it is not durable or resilient.  Defendants continue to assert their false and misleading representations in order to charge more for DeckOver than other comparable paints and stains.  Consumers have paid and continue to pay more for DeckOver even though it is not capable of reliably coating wood and concrete surfaces for

more than a short period of time, routinely peels, bubbles and degrades within months of application, covers three to five times less area and is more expensive per gallon than other Behr paints and stains.

36.    Defendants cannot deny that they have been and are fully aware of the many defects and deficiencies associated with DeckOver.  There have been widespread and persistent consumer complaints regarding DeckOver that are known to Defendants.  Behr has regularly reviewed these complaints and has even responded to some of them.  At least one report by the media notes that Behr actually removed online complaints on its own Facebook page containing such DeckOver complaints.

37.    Yet, despite receiving scores and scores of complaints and despite their knowledge as to how costly it is to remove DeckOver, reprepare the surface, coat it, replace the outdoor decks or surfaces entirely, and its defects and deficiencies, Defendants continue to sell DeckOver and market it as "durable" and an alternative to replacing one's deck, wholly failing to warn consumers beforehand that the product fails after only a few months and often leaves the surfaces looking worse than before DeckOver was applied.

### C.    Plaintiffs' Experiences
**Plaintiff Paula Kastanis**

38.    In 2016, Plaintiff Kastanis purchased and paid a premium price for several cans of DeckOver from Defendant Home Depot's store in or near Poughkeepsie, New York.  Prior to purchasing DeckOver, Plaintiff Kastanis generally saw and relied on advertisements regarding DeckOver's high quality as a resurfacer, durability and longevity. Prior to the purchase, Plaintiff Kastanis specifically reviewed the product's label and representations made thereon. Plaintiff Kastanis applied DeckOver to her deck in accordance with the

instructions provided by Defendant Behr. Within months of application, the DeckOver applied to Plaintiff Kastanis's deck began to fail.

39.    Plaintiff Kastanis has been damaged by DeckOver's premature failure. Had Plaintiff Kastanis known that DeckOver would not perform as represented and/or would prematurely fail, she would have not have purchased or used the product and certainly would not have paid a premium price for it whatsoever.

40.    Plaintiff Kastanis will also incur out of pocket expenses to repair the damage caused by DeckOver's premature failure. Plaintiff Kastanis is entitled to full reimbursement for these damages and/or the concomitant costs of repair and/or replacement of her deck.

## **Plaintiff Brian Lange**

41.    In 2013, Plaintiff Lange purchased and paid a premium price for several cans of DeckOver from Defendant Home Depot's store in Poplar Bluff, Missouri. Prior to purchasing DeckOver, Plaintiff Lange generally saw and relied on advertisements regarding DeckOver's high quality as a resurfacer, durability and longevity. Prior to the purchase, Plaintiff Lange specifically reviewed the product's label and representations made thereon. Plaintiff Lange applied DeckOver to his deck in accordance with the instructions provided by Defendant Behr. Within months of application, the DeckOver applied to Plaintiff Lange's deck began to fail.

42.    Plaintiff Lange has been damaged by DeckOver's premature failure. Had Plaintiff Lange known that DeckOver would not perform as represented and/or would prematurely fail, he would have not have purchased or used the product and certainly would not have paid a premium price for it whatsoever.

43.    Plaintiff Lange will also incur out of pocket expenses to repair the damage caused by DeckOver's premature failure.  Plaintiff Lange is entitled to full reimbursement for these damages and/or the concomitant costs of repair and/or replacement of his deck.

44.    Thousands of consumers have been damaged as a consequence of purchasing DeckOver based on false and deceptive misrepresentations and advertising and without being warned by Defendants of DeckOver's product deficiencies and defects before such consumers paid premium prices for what they thought was a premium product, as advertised.

## V.    ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

45.    Plaintiffs and members of the Class are within the applicable statute of limitation for the claims presented here. Defendants have non-public information detailing DeckOver's propensity to prematurely degrade, but failed to disclose this information to and concealed it from consumers.  Plaintiffs and Class members therefore could not reasonably have known that DeckOver would prematurely degrade.  Rather, consumers relied upon Defendants' misrepresentations and omissions, including the statements on the product labeling as set forth above.  Defendants are estopped from asserting any statute of limitation defense that might otherwise be applicable to the claims asserted herein.

## VI.    CLASS ACTION ALLEGATIONS

46.    This action is brought and may be maintained as a class action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and/or 23(b)(3).

47.    Plaintiffs seek to represent the following Nationwide Class defined as follows:

> All individuals and entities residing in the United States that purchased DeckOver, not for resale.

48.    Alternatively, or in addition to the Nationwide Class, Plaintiff Kastanis seeks to represent the following New York Subclass defined as follows:

> All individuals and entities residing in New York that purchased DeckOver, not for resale.

49.    Alternatively, or in addition to the Nationwide Class, Plaintiff Lange seeks to represent the following Missouri Subclass defined as follows:

> All individuals and entities residing in Missouri that purchased DeckOver, not for resale.

50.    Excluded from the Classes are (1) the court and its officers, employees and relatives and (2) Defendants and their subsidiaries, officers, directors, employees, contractors and agents.

51.    Class members seek relief under both Rule 23(b)(2) and (b)(3). Specifically, Class members who need to replace decking material and/or repair decks and other property seek to have the Court declare any purported limits on full recovery to be unenforceable and otherwise null and void. Under Rule 23(b)(3), the central issues for each and every Class member are the same: whether DeckOver has the propensity to prematurely fail, whether Defendants acted unlawfully and wilfully, and whether the Class is entitled to common remedies.

52.    Plaintiffs reserve the right to redefine the Class(es), and/or requests for relief.

53.    The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.

18 - CLASS ACTION COMPLAINT

54.     The exact number of Class members is unknown. Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiffs believe the Class consists of thousands of consumers.

55.     Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiffs and Class members.

56.     Common questions of law and fact that affect Class members include, but are not limited to:

a.     Whether Defendants' uniform marketing representations and advertisements respecting DeckOver were false, deceptive, and/or misleading to reasonable consumers;

b.     Whether Defendants knowingly engaged in fraudulent, unfair, or deceptive conduct with respect to the advertising and marketing of DeckOver;

c.     Whether DeckOver's defective propensities and failure to perform as uniformaly advertised and marketed would be material to a reasonable consumer;

d.     Whether Defendants were unjustly enriched by the sale of DeckOver;

e.     Whether members of the proposed Class have sustained damages and, if so, the proper measure of such damages; and

f.     Whether Defendants should be declared financially responsible for such damages and should be enjoined from selling or marketing DeckOver absent issuing a warning to consumers regarding notifying all Class members about DeckOver's propensity to prematurely fail or otherwise enjoined from selling or marketing DeckOver absent removing all false and misleading advertisements and representations regarding the product.

57.     Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class purchased DeckOver and own homes, residences, dwellings or other structures on which DeckOver has been applied. The product

has failed and will continue to fail prematurely. Plaintiffs, like all Class members, has been damaged by Defendants' conduct in that she has incurred or will incur the costs of replacing DeckOver and repairing and/or replacing her decks and additional property that were damaged by DeckOver's premature failure. Additionally, the factual basis of Defendants' conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.

58.    Plaintiffs will fairly and adequately assert and protect the interests of the Class. Specifically, she has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and she has no conflict of interests that will interfere with the maintenance of this class action.

59.    A class action provides a fair, efficient, and superior method for the adjudication of this controversy for the following reasons:

a.    The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

b.    The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

c.    There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendants' possession;

d.    Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

e.    Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to

1    such adjudications, or substantially impair their ability to protect their interests;

2    and

3           f.     The claims of the individual Class members are small in relation to

4    the expenses of litigation, making a Class action the only procedure in which

5    Class members can, as a practical matter, recover. However, the claims of

6    individual Class members are collectively large enough to justify the expense and

7    effort in maintaining a class action.

8

9    **CAUSES OF ACTION**

10    **COUNT ONE**

11    **(Unjust Enrichment**

12    **On Behalf of All Classes)**

13         60.    Plaintiffs re-allege and incorporate by reference the allegations

14    contained in the preceding paragraphs as though set forth fully herein.

15         61.    Plaintiffs and Class members conferred a tangible economic benefit

16    upon Defendants by purchasing DeckOver.  Plaintiffs and Class members would

17    not have purchased DeckOver had they known that DeckOver had a propensity to

18    prematurely fail and would not perform as represented.

19         62.    Failing to require Defendants to provide remuneration under these

20    circumstances would result in Defendants being unjustly enriched at the expense

21    of Plaintiffs and the Class members.

22         63.    Defendants' retention of the benefit conferred upon them by

23    Plaintiffs and members of the Class would be unjust and inequitable.

24

25    / / /

26    / / /

27    / / /

28

21 - CLASS ACTION COMPLAINT

1

**COUNT TWO**

2

**(Negligent Misrepresentation On Behalf of All Classes)**

3        64.    Plaintiffs re-allege and incorporate by reference the allegations

4    contained in the preceding paragraphs as though set forth fully herein.

5        65.    Defendants manufactured, marketed, advertised, sold, and

6    represented DeckOver to Plaintiffs as a deck resurfacer.

7        66.    Among other things, Defendants made numerous material

8    misrepresentations regarding DeckOver, as more fully alleged above.

9        67.    These representations are false and misleading because DeckOver

10    leads to a shorter life of a deck by requiring repairs due to its premature failure,

11    fails to conceal cracks, results in bubbling, cracking, and peeling, is not durable,

12    and does not revive decks.

13        68.    At the time of sale, Defendants knew or should have known about

14    DeckOver's propensity to prematurely fail, by and through, direct online

15    complaints and other complaints made directly to Defendants. Thus, Defendants

16    either knew their representations were false or had no reasonable grounds for

17    believing that their representations were true.

18        69.    Defendants also failed to disclose, concealed, suppressed and

19    omitted material information concerning DeckOver, including the DeckOver was

20    inherently susceptible to cracking, peeling, flaking, chipping, bubbling,

21    puckering, separating, generally degrading and otherwise prematurely failing.

22        70.    Defendants intended that Plaintiffs rely upon their material

23    misrepresentations and omissions to purchase more DeckOver. Plaintiffs

24    reviewed and reasonably relied upon Defendants' misrepresentations and

25    omissions and incurred damages as a direct and proximate result, in an amount to

26    be determined at trial, including repair and replacement costs and/or damages to

27

28

other property. Any limitation on economic loss is precluded by Defendants' fraudulent misrepresentations.

## COUNT THREE

**(Violation of the California Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL")**

**On Behalf of the Nationwide Class)**

71.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

72.    Defendants have violated and continue to violate California's UCL, which prohibits unlawful, unfair, and fraudulent business acts or practices.

73.    Defendants' acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the UCL. In particular, Defendants marketed, distributed, advertised, and sold DeckOver even though DeckOver is not a durable deck/patio resurfacer and is not capable of providing long-lasting protection for wood and concrete surfaces.

74.    Instead, DeckOver is prone to promptly peeling, chipping, bubbling, degrading, and otherwise failing shortly after application, and despite proper surface preparation and application. Defendants failed to disclose material facts concerning DeckOver's performance at the point of sale and otherwise, despite touting and advertising DeckOver as a high-quality, durable product.

75.    Defendants' business acts and practices are unlawful in that they violate the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, for the reasons set forth in this complaint.

76.    Defendants' acts and practices also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, the Defendants knowingly misrepresent(ed) and conceal(ed) material facts related to

1    DeckOver's performance. Had the Defendants not misrepresented and concealed

2    these facts, Plaintiffs, class members, and reasonable consumers would not have

3    purchased DeckOver or would have paid significantly less for it.

4        77.    The Defendants' conduct also constitutes unfair business practices

5    for at least the following reasons:

6        a.    The gravity of harm to Plaintiffs and the proposed Class from the

7    Defendants' acts and practices far outweighs any legitimate utility of that conduct;

8        b.    Defendants' conduct is immoral, unethical, oppressive, unscrupulous,

9    or substantially injurious to Plaintiffs and the members of the proposed

10   Nationwide Class; and

11       c.    Defendants' conduct undermines and violates the stated policies

12   underlying the Consumers Legal Remedies Act—to protect consumers against

13   unfair and sharp business practices and to promote a basic level of honesty and

14   reliability in the marketplace.

15       78.    As a direct and proximate result of the Defendants' business

16   practices, Plaintiffs and proposed Class members suffered injury in fact and lost

17   money or property, because they purchased and paid for products that they

18   otherwise would not have, or in the alternative, would have paid less for.

19   Plaintiffs and the proposed Nationwide Class are entitled to an injunction and

20   other equitable relief, including restitutionary disgorgement of all profits accruing

21   to Defendants, because of their unfair and deceptive practices, and such other

22   orders as may be necessary to prevent the future use of these practices.

23

24   / / /

25   / / /

26   / / /

27   / / /

28

**COUNT FOUR**

**(Violation of the California Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750, *et seq.* ("CLRA")**

**On Behalf of the Nationwide Class)**

79.    Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

80.    The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods or services to any consumer."

81.    Defendants are "persons" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(c).

82.    DeckOver is a "good" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(a).

83.    Plaintiffs and members of the Class are "consumers" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(d).

84.    As alleged herein, Defendants made numerous representations concerning the benefits, performance, qualities, and quality of DeckOver that were misleading. In purchasing DeckOver, Plaintiffs and the other Class members were deceived by Defendants' failure to disclose that DeckOver is prone to premature degradation and failure, despite proper preparation of and application to decks, patios, porches, and other wood and concrete surfaces.

85.    Defendants' conduct, as described herein, was and is in violation of the CLRA.  Defendants' conduct violates at least the following enumerated CLRA provisions:

a.    § 1770(a)(5): Representing that goods have characteristics, uses, benefits, or quantities which they do not have;

b.    § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

c.    § 1770(a)(14): Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve; and

d.    § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

86.    As described herein, the Defendants manufactured, distributed, marketed, and advertised DeckOver for sale to Class members while misrepresenting and concealing material facts about DeckOver, including representing that is a durable resurfacer and is capable of providing long-lasting protection for wood and concrete surfaces, when in reality it is prone to premature degradation, including peeling, chipping, bubbling, and otherwise failing soon after application.

87.    Plaintiffs and the other Class members have suffered injury in fact and actual damages resulting from Defendants' material omissions and misrepresentations because, *inter alia*, they lost money when they purchased DeckOver or paid an inflated purchase price for DeckOver, have paid out of pocket for repairing or replacing their decks, have had their decks and other structures damaged and/or devalued, and have expended countless hours of uncompensated labor attempting to remedy damaged decks and/or failed DeckOver applications.

88.    Defendants knew, should have known, or were reckless in not knowing that DeckOver was and is prone to premature failure, rendering it unsuitable for its intended use.

89.    Defendants had a duty to disclose that DeckOver is prone to premature failure because Defendants had exclusive knowledge of this prior to making sales of DeckOver and because Defendants made partial representations

26 - CLASS ACTION COMPLAINT

about the quality of DeckOver, but failed to fully disclose the truth about DeckOver.

90.    The facts concealed and omitted by Defendants to Plaintiffs and the other Class members – namely that DeckOver is flawed and fails prematurely – are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase DeckOver or pay a lower price for it.

91.    Had Defendants been truthful about premature failure in DeckOver, Plaintiffs, members of the proposed Class, and reasonable consumers would not have purchased or would have paid less for DeckOver.

92.    This cause of action seeks injunctive relief at this time. However, Plaintiffs are sending a demand letter to each Defendant *via* certified mail pursuant to the requirements of the CLRA providing the notice required by Cal. Civ. Code § 1782(a). If Defendants do not correct or otherwise rectify the harm alleged by Plaintiffs in their letter or this Complaint within the statutorily proscribed thirty-day period, Plaintiffs will amend this Complaint to seek monetary damages against Defendants pursuant to Cal. Civ. Code §§ 1781 and 1782.

93.    Plaintiffs further seeks an order awarding costs of court and attorneys' fees under Cal. Civ. Code § 1780(e).

## COUNT FIVE

### (Violation Of The California False Advertising Law
### Cal. Bus. & Prof. Code § 17200, *et. seq.* ("FAL")
### On Behalf of the Nationwide Class)

94.    Plaintiffs re-allege and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

95.    The FAL provides, in pertinent part:

1        "It is unlawful for any . . . corporation . . . with intent directly or

2  indirectly to dispose of real or personal property . . . to induce the

3  public to enter into any obligation relating thereto, to make or

4  disseminate or cause to be made or disseminated . . . from this state

5  before the public in any state, in any newspaper or other publication,

6  or any advertising device, . . . or in any other manner or means

7  whatever, including over the Internet, any statement . . . which is

8  untrue or misleading, and which is known, or which by the exercise of

9  reasonable care should be known, to be untrue or misleading."

10  CAL. BUS. & PROF. CODE § 17500.

11      96.    Defendants violated the FAL by using false and misleading

12  statements, and material omissions to advertise and sell DeckOver. Defendants

13  promoted false and misleading statements and representations through

14  advertising, marketing, and other publications. Defendants knew, or through the

15  exercise of reasonable care should have known, that their statements and material

16  omissions were untrue and misleading to Plaintiffs and Class members.

17      97.    Defendants' misrepresentations and omissions regarding the

18  performance, quality, reliability, and other characteristics of DeckOver as set

19  forth herein were material and likely to deceive (and did deceive) reasonable

20  consumers.

21      98.    Plaintiffs and Class members have suffered an injury in fact,

22  including the loss of money or property, as a result of Defendants' material

23  misstatements and omissions. In purchasing DeckOver, Plaintiffs and Class

24  members relied on the false advertising, misrepresentations, and/or omissions of

25  Defendants alleged herein.

26      99.    All of the wrongful conduct alleged herein occurred, and continues

27  to occur, in the conduct of Defendants' business. Defendants' wrongful conduct

28

1   is part of a pattern or generalized course of conduct that is still being perpetuated

2   and repeated nationwide.

3          100.   Plaintiffs, individually and on behalf of the Class, requests that this

4   Court enter such orders or judgments as may be necessary to prohibit Defendants

5   from continuing their pattern of using misleading statements and omissions and

6   to restore to Plaintiffs and Class members' the money Defendants acquired

7   through such statements and omissions, including restitution or restitutionary

8   disgorgement, and for such other relief set forth below.

9   Behr Process Corporation is headquartered in California, and the Behr

10  Defendants' promotional activities arise from conduct in the state of California.

11  Furthermore, a significant portion of the proposed Nationwide Class is located or

12  resides in California. The conduct that forms the basis for each and every Class

13  member's claims against Defendants emanated from Behr Defendants'

14  headquarters in Santa Ana, California. Behr's marketing executives are likewise

15  based in California.

16

17                              **COUNT SIX**

18             **(Violation of New York State General Business Law §349**

19                    **On Behalf of New York Subclass)**

20         101.   Plaintiff Kastanis re-alleges and incorporates by reference the

21  allegations contained in the preceding paragraphs as though set forth fully

22  herein.

23         102.   Plaintiff Kastanis brings this cause of action on behalf of herself and

24  the New York Subclass against all Defendants.

25         103.   Plaintiff Kastanis, the New York Subclass members, and all

26  Defendants are "persons" under N.Y. Gen. Bus. Law § 349(h), the New York

27  Deceptive Acts and Practices Act ("NY DAPA").

28

1        104.   The NY DAPA makes unlawful "[d]eceptive acts or practices in the

2    conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §349.

3    Defendants' conduct, as set forth herein, constitutes deceptive acts or practices

4    under this section.

5        105.   In the course of their business, Defendants intentionally or

6    negligently concealed and suppressed material facts concerning the defective

7    nature of DeckOver resulting in its premature failure.

8        106.   Defendants thus violated the provisions of the NY DAPA by, at a

9    minimum: (1) representing that DeckOver has characteristics, uses, benefits, and

10    qualities which it does not have; (2) representing that DeckOver is of a particular

11    standard, quality, and grade when it is not; (3) advertising DeckOver with the

12    intent not to sell the product as advertised; and (4) failing to disclose information

13    concerning DeckOver with the intent to induce consumers to purchase DeckOver.

14        107.   Defendants have known of the true, defective, nature of its

15    DeckOver product for many years but has concealed all of that information.

16        108.   Defendants owed Plaintiff Kastanis and New York Subclass

17    members a duty to disclose truthfully, all the facts concerning the defective

18    nature of DeckOver because they:

19        a.    Possessed exclusive knowledge that they were manufacturing,

20            selling, and distributing a product throughout the United States that

21            was defective in nature and did not comport with Defendants'

22            representations.

23        b.    Intentionally concealed the foregoing from Plaintiffs and other

24            members of the Nationwide Class and the New York Subclass.

25        c.    Made incomplete or negligent representations about the standard,

26            quality, and grade of DeckOver while purposefully withholding

27            material facts from Plaintiffs and other members of the Nationwide

28

1  Class and New York Subclass that contradicted these
2  representations.

3  d.  Information regarding the true standard, quality, and grade of
4  DeckOver was/is material.

5  109.  Defendants' unfair and deceptive acts or practices were likely to and
6  did in fact deceive reasonable consumers, including Plaintiff Kastanis and New
7  York Subclass members, about the true standard, quality, and grade of DeckOver;
8  the quality of Defendants' brands, and the value of DeckOver.

9  110.  Plaintiffs and the New York Subclass members suffered
10 ascertainable loss and actual damages as a direct and proximate result of
11 Defendants' misrepresentations and its concealment of and failure to disclose
12 material information. Plaintiffs and the New York Subclass members who
13 purchased DeckOver would not have purchased the product and/or would have
14 paid less for it.

15 111.  As a result of the foregoing willful, knowing, and wrongful conduct
16 of Defendants, Plaintiff and the New York Subclass have been damaged in an
17 amount to be proven at trial, and seek all just and proper remedies, including but
18 not limited to actual damages or $50, whichever is greater, treble damages up to
19 $1,000, punitive damages to the extent available under the law, reasonable
20 attorneys' fees and costs, an order enjoining Defendants' deceptive and unfair
21 conduct, and all other just and appropriate relief available under the NY DAPA.

22

23 **COUNT SEVEN**
24 **(Violation of New York State General Business Law §350**
25 **On Behalf of New York Subclass)**

26 112.  Plaintiff Kastanis re-alleges and incorporates by reference the
27 allegations contained in the preceding paragraphs as though set forth fully herein.

28

31 - CLASS ACTION COMPLAINT

113.   Plaintiff Kastanis brings this cause of action on behalf of herself and the New York Subclass against all Defendants.

114.   Defendants are engaged in the "conduct of business, trade or commerce," within the meaning of N.Y. Gen. Bus. Law §350, the New York False Advertising Act ("NY FAA").

115.   The NY FAA makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of ... representations [made] with respect to the commodity ...." N.Y. Gen. Bus. Law § 350-a.

116.   Defendants caused to be made or disseminated through New York, through advertising, marketing, and other publications, statements and omissions that were untrue or misleading in relation to its DeckOver Product, and that were known by Defendants, or that through the exercise of reasonable care should have been known by Defendants, to be untrue and misleading to Plaintiffs and the New York class.

117.   Defendants made numerous material misrepresentations and omissions of fact with intent to mislead and deceive concerning DeckOver, particularly concerning the standard, quality, and grade of the product. Specifically, Defendants intentionally concealed and suppressed material facts concerning the use and durability of Deckover in order to intentionally and grossly defraud and mislead the Plaintiffs and the New York Class members. Defendants' DeckOver did not/does not perform as advertised.

118.   The misrepresentations and omissions regarding DeckOver set forth above were material and likely to deceive a reasonable consumer.

119.   Defendants intentionally and knowingly misrepresented material facts regarding DeckOver with intent to mislead Plaintiffs and the New York Subclass.

120.   Plaintiff Kastanis and the New York Subclass members who purchased DeckOver either would not have purchased the product or paid less but for Defendants' false advertising in violation of the NY FAA.

121.   Plaintiff Kastanis and the New York Subclass have suffered injury-in-fact and/or actual damages and ascertainable loss as a direct and proximate result of Defendants' false advertising in violation of the NY FAA; including but not limited to, having purchasing DeckOver, having lost or diminished use, enjoyment and utility of the product, and having experienced annoyance, aggravation and inconvenience resulting from Defendants' violations of the NY FAA.

122.   Plaintiff Kastanis and the New York Subclass seek monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for New York Subclass members. Because Defendants' conduct was committed willingly and knowingly, New York Subclass members are entitled to recover three times actual damages, up to $10,000.

## **COUNT EIGHT**

### **(Violation of Missouri State Consumer Protection Law**
### **On Behalf of the Missouri Subclass)**

123.   Plaintiff Lange re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

124.   Plaintiff Lange brings this cause of action on behalf of himself and the Missouri Subclass against all Defendants.

125.  Plaintiff Lange and the Missouri Subclass members are "persons" within the meaning of Mo. Rev. Stat. § 407.010(5).

126.  Defendants are engaged in "trade" or "commerce" in the State of Missouri within the meaning of Mo. Rev. Stat. § 407.010(7).

127.  The Missouri Merchandising Practices Act ("Missouri MPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise Mo. Rev. Stat. § 407.020.

128.  Defendant's actions, as described throughout this Complaint, violated the Missouri MPA, specifically Mo. Rev. Stat. § 407.020 and Mo. Rev. Stat. § 407.025.

129.  Defendants have violated (and continue to violated) each one of these provisions by misrepresenting that DeckOver have or had certain characteristics, are or were of a particular standard, quality, or grade, and committed (and continues to commit) various other acts of deception, false pretense, false promise, or misrepresentation in connection with their consumer transactions regarding DeckOver including, among other things:

    a.    Manufacturing, selling, and/or distributing DeckOver that is of a particular standard, grade, or quality contrary to what Defendants represent;

    b.    Making false and misleading statements and omitting to disclose material information regarding the defects in Defendants' DeckOver product; and

    c.    Refusing to properly reimburse class members for the purchase of DeckOver and/or the damage its application ahs caused.

130.   The misrepresentations and omissions regarding DeckOver set forth above were material and likely to deceive a reasonable consumer.

131.   Defendants intentionally and knowingly misrepresented material facts regarding DeckOver with intent to mislead Plaintiffs and the Missouri Subclass.

132.   Plaintiff Lange and the Missouri Subclass members who purchased DeckOver either would not have purchased the product or paid less but for Defendants' false advertising in violation of the Missouri MPA.

133.   As a direct and proximate result of Defendants' violations of the Missouri MPA, Plaintiffs and the Missouri Subclass have suffered injury-in-fact and/or actual damage.

134.   Defendants are liable to Plaintiff Lange and the Missouri Subclass for damages in amounts to be proven at trial, including attorneys' fees, costs, and punitive damages, as well as injunctive relief enjoining Defendants' unfair and deceptive practices, and any other just and proper relief under the Missouri MPA.

## CHOICE OF LAW ALLEGATIONS

135.   Behr's "Standard Sales Terms and Conditions" ("T&C"), available on Behr Defendants' website, state that they "exclusively govern the sale of [Behr] products" to consumers.[12]  Purchases of DeckOver are therefore subject to Behr's T&C.  The Home Depot – where Behr products are exclusively sold – maintains 234 locations in California.

136.   Pursuant to Section 16 of the T&C, pertaining to "Governing Law and Forum", all transactions for purchase of Behr products, including DeckOver,

---

[12]     *Id.* (emphasis in original).

are "construed and interpreted, and the rights of the parties determined, in accordance with the laws of the State of California without regard to any conflict of laws provisions that might otherwise apply."[13]

137.   Accordingly, California law is applicable to the claims of Plaintiffs and all respective Class members.

138.   Furthermore, and irrespective that California law applies to the claims herein under the T&C, the State of California has ample contacts to the conduct alleged herein such that California law may be uniformly applied to the claims of the proposed Nationwide Class against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered against Defendants as follows:

A.   Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

B.   Declare that Defendants are financially responsible for notifying all Class members of the problems with DeckOver;

C.   Declare that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of DeckOver, or order Defendants to make full restitution to Plaintiffs and the members of the Class;

D.   Defendants shall audit and reassess all prior customer claims regarding DeckOver, including claims previously denied in whole or in part;

---

[13]   http://www.behr.com/consumer/standard-sales-terms-and-conditions (last visited June 23, 2017).

36 - CLASS ACTION COMPLAINT

1      E.    For economic and compensatory damages on behalf of Plaintiffs and

2 all members of the Class;

3      F.    For actual damages sustained and/or treble damages;

4      G.    For punitive or exemplary damages;

5      H.    For injunctive and declaratory relief;

6      I.    For reasonable attorneys' fees and reimbursement of all costs for the

7 prosecution of this action; and

8      J.    For such other and further relief as this Court deems just and

9 appropriate.

10

11 **DEMAND FOR JURY TRIAL**

12     Plaintiffs demand a trial by jury of all issues so triable.

13 DATED:  August 28, 2017     Respectfully submitted,

14

15 MARK OZZELLO (116595)
mark@ozzellolaw.com

16 17383 W Sunset Blvd, Ste A380
Pacific Palisades, CA 90272

17 Telephone:  (844) 774-2020

18 Facsimile:  (310) 454-5970

19 BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)

20 sbasser@barrack.co,

21 SAMUEL M. WARD (216562)
sward@barrack.com

22

23 /s/ STEPHEN R. BASSER

24      STEPHEN R. BASSER

25 600 West Broadway, Suite 900

26 San Diego, CA  92101
Telephone:  (619) 230-0800

27 Facsimile:   (619) 230-1874

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMERSON SCOTT, LLP*
JOHN G. EMERSON*
jemerson@emersonfirm.com
830 Apollo Lane
Houston, TX  77058
Telephone:  (281) 488-8854
Facsimile:  (281) 488-8867
JOHNSON VINES, PLLC**
CHRISTOPHER D. JENNINGS
cjennings@johnsonvines.com
2226 Cottondale Ln., Suite #210
Little Rock, AR 72202
Telephone: (501) 777-7777
Facsimile: (888) 505-0909

*pro hac application to be submitted
**Admitted pro hac vice

Attorneys for Plaintiffs